IN THE CIRCUIT COURT OF THE THIRTEENTH JUDICIAL CIRCUIT
IN AND FOR HILLSBOROUGH COUNTY, FLORIDA
CIVIL DIVISION

**JACQUELYN BOUAZIZI**  CASE NO.: 15-CA-010520
       **Plaintiff,**  DIVISION: B

vs.

**HILLSBOROUGH COUNTY and**
**HILLSBOROUGH COUNTY CIVIL**
**SERVICE BOARD,**
       **Defendant(s),**
_____ /

## SECOND AMENDED COMPLAINT

COMES NOW Plaintiff Jacquelyn Bouazizi by and through her undersigned counsel, files this Second Amended Complaint against Hillsborough County and Hillsborough County Civil Service Board and states the following:

1. The jurisdiction of this court is invoked pursuant to Chapter 760, Florida Statutes (2015), 28 U.S.C. 1343 to secure protection of and to redress deprivation of rights secured by:

(a) Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. 2000e t seq. [ hereinafter "Title VII"] providing for injunctive and other relief against discrimination in employment based on race, religion, sex, and national origin; (b) 42 U.S.C.1983 and (c) the common law of the State of Florida providing for damages to persons subjected to the intentional interference with employment. And 29 U.S.C. section 206(d)(1) of the equal Pay Act which makes it unlawful for an employer to discriminate between employees by paying wages to employees at a rate at which she pays to employees of the opposite sex for equal work on jobs.

2. The unlawful employment practices, violations of plaintiffs' civil rights and tortious acts complained of herein were committed within Hillsborough County, Florida.

3. The pendent jurisdiction of the federal district court is involved with respect to the Plaintiff's

**EXHIBIT 3**

claims under the laws of the State of Florida pursuant to 42 U.S.C. 1343, because the entire action before the court comprises one constitutional civil rights case, and the claims arise out of the same operative facts and are such that the plaintiffs would ordinarily be expected to try them in one judicial proceeding.

4. Plaintiff is a Black American Female. She is a citizen of the United States of America, resident of the County of Hillsborough and the State of Florida and is a former employee of the defendant.

5. Defendant is a political subdivision in the state of Florida.

6. Defendant is an employer within the definitions contained in 42 U.S.C 2000e(a) and (b), as amended in 1972, employing more than 25 employees, and is engaged in an industry affecting commerce.

## PROCEDURAL REQUIREMENTS

7. On or about March 31, 2017, Plaintiff timely filed a complaint with the United States Equal Employment Opportunity Commission (hereinafter "EEOC") alleging employment discrimination and retaliation by defendant Hillsborough County and Hillsborough County Civil Service Board.

8. On April 17, 2017, Plaintiff received the Right-to-Sue letter from the EEOC. The Right-to-Sue Letter charge number 511-2017-01416 is annexed Exhibit A. The lawsuit against Defendant Hillsborough County was instituted within 90 days and electronically filed in the United States District Court, Middle District, Tampa Division Clerk of the Court on May 11, 2017 as shown in the Certificate of Service of the Original Complaint dated May 16, 2017.

## Statement of the Facts

9. The Defendant hired the Plaintiff in March 1978 in the Office of the Clerk of the Court.

10. Plaintiff transferred her employment to the Hillsborough County Board of County Commissioners in 1990.

11. Plaintiff was promoted from a Senior Customer Service Representative to the position of Solid Waste Coordinator /Franchise Activity Coordinator in June 2004. Plaintiff remained in the Franchise Activity Coordinator position until 2014. Plaintiff's pay grade, AK, remained unchanged during the 10 years that she worked as Franchise Activity Coordinator. The comparators were all in AQ pay grade 6,6 pay grades above AK pay grade managing contracts.

12. Plaintiff managed the Franchise Agreements as Franchise Activity Coordinator. She ensured that the franchise collectors complied with their contracts to provide solid waste collection services to customers in unincorporated Hillsborough County. Plaintiff gained years of experience in contract management, Plaintiff ended employment with Defendant in 2014 and was 62 years old when she was forced to resign. Plaintiff had a total hip replacement

13. Plaintiff filed an EEOC 2003 and continued to file EEOC complaints against Defendant until 2015. In the EEOC complaints Plaintiff maintained that she was discriminated because of her sex age, race, and disability.

14. Plaintiff also alleged that she was retaliated against by the Defendant because filed the EEOC complaints. Plaintiff has filed the following EEOC charges, 511-2012-1720; 511-2012-2550; 511-2013-267; 511-2013-695; 511-2013-2675;511-2014-1711; and 511-2015-113. (See, attached).

## COUNT I
## DISPARATE TREATMENT

15. Plaintiff re-alleges counts 1 through 15.

16. Plaintiff, a member of a protective class and Black Male Damien Tramel held the same position in the Solid Waste Administration Section. Tramel was promoted in June 15, 2014 to a General Manager II.

17. Plaintiff and Damien Tramel were similarly situated in that both held positions as Franchise

Activity Coordinators.

18. Plaintiff performed all her job task in all relevant times in an exemplary manner and outperformed the male comparator Damien Tramel.

19. Defendant did not promote nor give Plaintiff pay increases because Plaintiff was a Black older Female with a disability. Plaintiff promoted and gave Damien Tramel pay increases.

20. Plaintiff was treated differently than Damien Tramel by the Defendant because Plaintiff was an older Black Woman with a disability and had filed several EEOC complaints against Defendant.

21. Defendant promoted Damien Tramel and refused to promoted Plaintiff.  Plaintiff met all conditions of employment

22. Plaintiff was emotionally and physically damaged as a result of the discriminatory conduct of the Defendant.

WHEREFORE based upon the foregoing facts Plaintiff demands a trial by jury, damages, front wages, back wages and attorney fees and cost.

## COUNT II
## RETALIATION

23. Plaintiff re-asserts and re-alleges paragraphs 1 through 22.

24. The Defendant engaged in various retaliatory actions against Plaintiff as a result of their opposition to Plaintiff reporting discrimination based upon race, age, sex, and disability as result of Plaintiff's filing of charges of employment discrimination with the EEOC, in violation of 42 U.S.C. 2000e-3(a).

25. Plaintiff is a member of a protective class. Plaintiff was the only Black and Female employed in Defendant's employment unit when the racial and sex discrimination occurred.

26. Plaintiff filed three EEOC Charges of Discrimination in the past to wit: charges number, 511-

2012-1720; 511-2012-2550; 511-2013-267; 511-2013-695; 511-2013-2675;511-2014-1711; and 511-2015-113.

27. Plaintiff reported that she was discriminated because of her race, sex age and disability and was subjected to disparate treatment.

28. Defendant retaliated against Plaintiff reported defendant's illegal discrimination by forcing Plaintiff to retire.

29. Plaintiff has been damaged economically and medically damaged by Defendant's retaliatory conduct.

WHEREFORE Plaintiff demands judgment against the defendant for damages and attorney fees and cost. Plaintiff demands a trial by jury.

## COUNT III
## SEX-BASED PAY DISCRIMINATION

30. Plaintiff incorporates by reference the allegations contained in paragraphs 1 through 29.

31. Section 206 (d)of the equal Pay Act makes it unlawful for an employer to discriminate between employees on the basis of sex by paying wages to employees… at a rate less than the rate at which she pays to employees of the opposite sex…for work on the jobs performance of which requires skills, efforts, and responsibility , and which work conditions, except where such payment is made pursuant to (i) a seniority system; (ii) a merit system; (iii) a system which measures earning by quantity or quality of production; or (iv) a differential based on any other factor other than sex or age.

32 Defendant has employed Plaintiff and male employees in the position as Franchise Activity Coordinator, requiring equal skill, effort, and responsibility.

33. Plaintiff and males performed their jobs under similar working conditions.

34. The differential in pay between the male employees and Plaintiff was not due to a seniority

system, a merit system or a system that measures the difference in pay employee earning by the quality and quantity of work, nor was a result of factors other than sex.

35. Defendant caused, contributed to, or caused the continuation of wage rate discrimination based on sex in violation of the Equal Pay Act.

36. As a direct, legal, and proximate result of the discrimination, Plaintiff economic damages to be proven at trial. As a direct result of the Defendant's actions, Plaintiff has suffered emotional distress, resulting in damages to be proven at trial. Plaintiff seeks compensatory and punitive damages and monetary relief available for equal pay violations at trial, including liquidated damages for all willful violations, prejudgment interest, attorney fees and cost, and other compensation pursuant to 29 U.S.C. Section 216(b).

WHEREFORE Plaintiff demands judgment against the defendant for damages and attorney fees and cost. Plaintiff demands a trial by jury.

Respectfully submitted,
Carl R. Hayes
Carl R. Hayes, Esquire
Florida Bar No. 942995
308 E. Dr. Martin Luther King, Jr. Blvd., Suite E
Tampa, Florida 33602
(813)237-2392   Office
(813)236-5717   Fax
carlrolandhayes@gmail.com

**CERTIFICATE OF SERVICE**

**I HEREBY CERTIFY** that the original Second Amended Complaint was furnished to the Clerk of the Court, 800 East Twiggs, Tampa, Florida 33602 and a copy to zinoberp@gtlaw.com, and todds@hillboroughcounty.org on this 19th day of February 2019.

.                                         Carl R. Hayes
                                          Carl R. Hayes, Esquire