UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

JACQUELYN BOUAZIZI,

    Plaintiff,

v.                                    Case No. 8:19-cv-657-T-33TGW

HILLSBOROUGH COUNTY, and
HILLSBOROUGH COUNTY CIVIL
SERVICE BOARD,

    Defendants.
_____/

**ORDER**

This matter comes before the Court upon consideration of Defendant Hillsborough County's Motion to Dismiss the Third Amended Complaint (Doc. # 36), filed on May 15, 2019. Plaintiff Jacquelyn Bouazizi responded on May 17, 2019 (Doc. # 37), and the County replied on May 20, 2019. (Doc. # 39). For the reasons that follow, the Motion is granted and the claims against the County are dismissed with prejudice.

**I.**    **Background**

On November 18, 2015, Bouazizi initiated this action in state court. Bouazizi subsequently filed the Second Amended Complaint, asserting claims under Section 1983, the Equal Pay Act, and Title VII against the County and Defendant

1

Hillsborough County Civil Service Board on February 20, 2019. (Doc. # 1-1). Because the Second Amended Complaint raised federal claims for the first time, the County then removed the case to this Court on March 18, 2019. (Doc. # 1). After the case was removed, the County and the Civil Service Board moved to dismiss the Second Amended Complaint. (Doc. ## 4, 10). Bouazizi failed to respond to the motions to dismiss, so the Court granted the motions as unopposed and closed the case on April 11, 2019. (Doc. # 19).

Subsequently, Bouazizi moved for reconsideration of the Court's dismissal order and asked for permission to file a Third Amended Complaint to assert Section 1983 claims against the County and the Civil Service Board. (Doc. # 22). The Court granted the motion to the extent the Court "reopen[ed] the case and permit[ted] Bouazizi to file a third amended complaint solely asserting Section 1983 claims by May 10, 2019." (Doc. # 32).

Bouazizi then filed her Third Amended Complaint on May 9, 2019, asserting claims under both Section 1983 and the Equal Pay Act against the County and the Civil Service Board. (Doc. # 33). In the Third Amended Complaint, Bouazizi alleges she began working for the Hillsborough County Board of County Commissioners in 1990 and was "promoted from a Senior Customer

Service Representative to the position of Solid Waste Coordinator/Franchise Activity Coordinator in June 2004." (Id. at 2). Although Bouazizi remained a Franchise Activity Coordinator until 2014, her pay grade did not increase. (Id.). She first filed an EEOC complaint against the County in 2003 and "continued to file EEOC complaints against [the County and Civil Service Board] until 2014." (Id. at 3).

She alleges the County "intentionally did not promote nor give [her] pay increases because [she] was a Black older Female with a disability and had filed complaints against the [County] for discrimination." (Id.). Bouazizi alleges the County promoted a younger Black man, Damien Tramel, instead of her despite the fact that she outperformed Tramel. (Id.). She lists three other individuals who were promoted or paid higher than her and alleges the failure to treat her the same way as these individuals was based on race, gender, and age discrimination. (Id. at 5). She alleges that male employees were paid better than her for performing the same work. (Id. at 12). Bouazizi also claims that the County discriminated against her by wrongfully discontinuing the disability pay she was receiving during a Family and Medical Leave Act leave she took in August 2013. (Id. at 5-6).

Bouazizi "ended employment with [the County] in 2014 and was 62 years old when she resigned." (Id. at 2). Although she resigned in 2014, Bouazizi claims her "permanent psychological and physical injuries from the discrimination by [the County and Civil Service Board] became apparent in 2015." (Id. at 3).

The County now moves to dismiss the Section 1983 and Equal Pay Act claims against it because these claims are time-barred. (Doc. # 36). Bouazizi has responded (Doc. # 37), and the County has replied. (Doc. # 39). The Motion is ripe for review.

## II. **Legal Standard**

On a motion to dismiss pursuant to Rule 12(b)(6), this Court accepts as true all the allegations in the complaint and construes them in the light most favorable to the plaintiff. Jackson v. Bellsouth Telecomms., 372 F.3d 1250, 1262 (11th Cir. 2004). Further, the Court favors the plaintiff with all reasonable inferences from the allegations in the complaint. Stephens v. Dep't of Health & Human Servs., 901 F.2d 1571, 1573 (11th Cir. 1990). But,

> [w]hile a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic

recitation of the elements of a cause of action will not do. Factual allegations must be enough to raise a right to relief above the speculative level.

Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007)(internal citations omitted). Courts are not "bound to accept as true a legal conclusion couched as a factual allegation." Papasan v. Allain, 478 U.S. 265, 286 (1986). "The scope of review must be limited to the four corners of the complaint" and attached exhibits. St. George v. Pinellas County, 285 F.3d 1334, 1337 (11th Cir. 2002).

### III. Analysis

The County seeks dismissal of the Section 1983 claims (Counts I and II) and the Equal Pay Act claim (Count V). The Court will address them separately.

#### A. Section 1983 Claims

Bouazizi asserts claims for violation of the Equal Protection Clause (Count I) and retaliation (Count II) under 42 U.S.C. § 1983. (Doc. # 33 at 3-8). A Section 1983 claim accrues, and the statute of limitations begins to run, when the plaintiff "know[s] or should know (1) that [she has] suffered the injury that forms the basis of [her] complaint and (2) who has inflicted the injury." Chappell v. Rich, 340 F.3d 1279, 1283 (11th Cir. 2003). "Florida's four-year

statute of limitations applies to such claims of deprivation of rights under" Section 1983. Id.

The County argues that "[i]n public employment cases, claims accrue when an employment decision is made and communicated to the plaintiff." (Doc. # 36 at 2). And it contends that Bouazizi "certainly 'knew or had reason to know' that whatever injury she had experienced occurred while she was employed with the County." (Id. at 3). Indeed, the County points out that every allegation of discriminatory or retaliatory conduct in the Third Amended Complaint took place while Bouazizi was still employed with the County. (Doc. # 39 at 2). Thus, the County reasons, Bouazizi knew or had reason to know of her Section 1983 claims based on this alleged discrimination and retaliation before she left her job in 2014. (Doc. # 36 at 3).

The Court agrees. All the discriminatory and retaliatory conduct Bouazizi describes occurred while she was employed by the County and, as such, Bouazizi was aware of this conduct before she left her employment. Indeed, the Third Amended Complaint acknowledges that Bouazizi filed numerous EEOC complaints against the County between 2003 and 2014, showing that Bouazizi was aware of the alleged unlawful treatment in 2014 when she resigned. (Doc. # 33 at 3). Because Bouazizi's

6

employment ended in 2014, the statute of limitations ran four years later — sometime in 2018. Bouazizi first asserted Section 1983 claims on February 20, 2019 — after the 2018 deadline. Therefore, the Section 1983 claims are time-barred.

Although Bouazizi agrees that a four-year statute of limitations applies, she insists that her Section 1983 claims are timely because she only "discovered that she suffered physical, mental, and psychological injuries in the middle of 2015." (Doc. # 37 at 2). She argues that "the statute of limitations in [Section] 1983 actions do[es] not begin when the employee is no longer employed" but rather "when the injury is discovered." (Id.).

But neither of the two cases Bouazizi cites in her response support her position. Bouazizi's reliance on United States v. Kubrick, 444 U.S. 111 (1979), is unavailing. That case dealt with a Federal Tort Claims Act claim for medical injuries the plaintiff claimed were negligently inflicted by V.A. doctors. Id. at 113-14. Although that plaintiff was aware of his injury — partial deafness — and its probable cause — the medical treatment he had received at the V.A. — in 1969, the plaintiff argued the statute of limitations was not triggered until 1971 when a doctor indicated that the V.A.'s medical treatment had been "improper." Id. at 118-20. The

7

Supreme Court rejected this argument, explaining that it was "unconvinced that for statute of limitations purposes a plaintiff's ignorance of his legal rights and his ignorance of the fact of his injury or its cause should receive identical treatment." Id. at 122.

And, in Delaware State College v. Ricks, 449 U.S. 250 (1980), the Supreme Court held that the statute of limitations began to run at the time of the alleged discriminatory employment decision that was communicated to the plaintiff employee, even though that alleged discrimination occurred before the plaintiff's termination. Id. at 258 ("[T]he only alleged discrimination occurred – and the filing limitations periods therefore commenced – at the time the tenure decision was made and communicated to Ricks. That is so even though one of the *effects* of the denial of tenure — the eventual loss of a teaching position — did not occur until later."). Thus, the Supreme Court explained that "[t]he proper focus is upon the time of the *discriminatory acts*, not upon the time at which the *consequences* of the acts became most painful." Id. (quoting Abramson v. Univ. of Hawaii, 594 F.2d 202, 209 (9th Cir. 1979)).

The holdings of these case do not support Bouazizi's argument that the statute of limitations should begin to run

in 2015 — when the "permanent psychological and physical injuries from the discrimination . . . became apparent" — rather than in 2014, by which time all the discriminatory acts of which Bouazizi was aware had occurred. The Third Amended Complaint makes clear that Bouazizi was aware that the County allegedly treated her worse than her co-workers and that she had made numerous EEOC complaints during her employment about this treatment. (Doc. # 33 at 2-3). As Bouazizi undoubtedly knew or had reason to know about the alleged unlawful treatment by the County in 2014, the Section 1983 claims are time-barred. Counts I and II are dismissed with prejudice.

    B.  **Equal Pay Act claim**

In Count V, Bouazizi asserts a claim under the Equal Pay Act against the County, alleging the County paid Bouazizi less than it paid white male and white female employees in the same Franchise Activity Coordinator position. (Doc. # 33 at 12-13).

The Equal Pay Act makes it unlawful for an employer to "discriminate . . . between employees on the basis of sex by paying wages to employees . . . at a rate less than the rate at which he pays wages to employees of the opposite sex . . . for equal work on jobs the performance of which requires

equal skill, effort, and responsibility, and which are performed under similar working conditions." 29 U.S.C. § 206(d)(1). The statute of limitations for Equal Pay Act claims is set out in 29 U.S.C. § 255(a). Glenn v. Gen. Motors Corp., 841 F.2d 1567, 1572 (11th Cir. 1988). Section 255(a) sets a general two-year statute of limitations but extends that to three years for willful violations of the Equal Pay Act. See 29 U.S.C. § 255(a)(stating that an action "may be commenced within two years after the cause of action accrued, and every such action shall be forever barred unless commenced within two years after the cause of action accrued, except that a cause of action arising out of a willful violation may be commenced within three years after the cause of action accrued").

As a preliminary matter, the Court notes that Bouazizi did not have the Court's permission to assert an Equal Pay Act claim in her Third Amended Complaint. Rather, in its Order reopening the case, the Court "permit[ted] Bouazizi to file a third amended complaint **solely** asserting Section 1983 claims." (Doc. # 32)(emphasis added). Thus, Bouazizi's attempt to assert an Equal Pay Act claim in her Third Amended Complaint was improper. The Court would be within its authority to dismiss or strike this claim for failure to

10

comply with the Court's Order. See Gregory v. City of Tarpon Springs, No. 8:16-cv-237-T-33AEP, 2016 WL 7157554, at *5 (M.D. Fla. Dec. 8, 2016)(dismissing second amended complaint that added a new defendant even though the Court's order dismissing the original complaint had only granted the plaintiff leave to amend the existing claims against the existing defendants).

Regardless, the County argues this claim is time-barred under either the two- or three-year statute of limitations for the Equal Pay Act. (Doc. # 36 at 3-4). The Court agrees. Bouazizi's employment with the County ended in 2014 — by which time Bouazizi knew or should have known of the alleged violation of the Equal Pay Act. But she first asserted her Equal Pay Act claim on February 20, 2019. (Doc. # 1-1). Therefore, even if the County's alleged violation of the Equal Pay Act was willful, Bouazizi's claim is time-barred because it was filed over three years after the claim accrued.

Notably, Bouazizi's response to the Motion does not address the Equal Pay Act claim at all. Therefore, it appears Bouazizi agrees that this claim is time-barred and should be dismissed. Count V is dismissed with prejudice.

Accordingly, it is now

**ORDERED, ADJUDGED,** and **DECREED:**

(1) Defendant Hillsborough County's Motion to Dismiss the Third Amended Complaint (Doc. # 36) is **GRANTED**.

(2) Counts I, II, and V are **DISMISSED** with prejudice.

(3) The Clerk is directed to terminate the County as a party to this action.

**DONE** and **ORDERED** in Chambers in Tampa, Florida, this 24th day of May, 2019.

VIRGINIA M. HERNANDEZ COVINGTON
UNITED STATES DISTRICT JUDGE