UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

JACQUELYN BOUAZIZI,

    Plaintiff,

v.                          Case No. 8:19-cv-657-T-33TGW

HILLSBOROUGH COUNTY and
HILLSBOROUGH COUNTY CIVIL
SERVICE BOARD,

    Defendants.
_____/

**<u>ORDER</u>**

This matter comes before the Court upon consideration of Defendant Hillsborough County Civil Service Board's Motion to Strike the Third Amended Complaint (Doc. # 40) and Motion to Dismiss Counts III and IV of the Third Amended Complaint (Doc. # 41), both filed on May 23, 2019. Plaintiff Jacquelyn Bouazizi responded on June 5 and June 21, 2019, respectively. (Doc. ## 47, 49).

For the reasons that follow, the Motion to Dismiss Counts III and IV is granted and the claims against the Civil Service Board are dismissed with prejudice. In light of the dismissal of Counts III and IV, the Motion to Strike is denied as moot.

I. **Background**

On November 18, 2015, Bouazizi initiated this action in state court. Bouazizi subsequently filed the Second Amended Complaint, asserting claims under Section 1983, the Equal Pay Act, and Title VII against the Civil Service Board and Defendant Hillsborough County on February 20, 2019. (Doc. # 1-1). Because the Second Amended Complaint raised federal claims for the first time, the County then removed the case to this Court on March 18, 2019. (Doc. # 1). After the case was removed, the County and the Civil Service Board moved to dismiss the Second Amended Complaint. (Doc. ## 4, 10). Bouazizi failed to respond to the motions to dismiss, so the Court granted the motions as unopposed and closed the case on April 11, 2019. (Doc. # 19).

Subsequently, Bouazizi moved for reconsideration of the Court's dismissal order and asked for permission to file a Third Amended Complaint to assert Section 1983 claims against the County and the Civil Service Board. (Doc. # 22). The Court granted the motion to the extent the Court "reopen[ed] the case and permit[ted] Bouazizi to file a third amended complaint solely asserting Section 1983 claims by May 10, 2019." (Doc. # 32).

Bouazizi then filed her Third Amended Complaint on May 9, 2019, asserting claims under both Section 1983 and the Equal Pay Act against the County and the Civil Service Board. (Doc. # 33). In the Third Amended Complaint, Bouazizi alleges she began working for the Hillsborough County Board of County Commissioners in 1990 and was "promoted from a Senior Customer Service Representative to the position of Solid Waste Coordinator/Franchise Activity Coordinator in June 2004." (Id. at 2). Although Bouazizi remained a Franchise Activity Coordinator until 2014, her pay grade did not increase. (Id.). She first filed an EEOC complaint in 2003 and "continued to file EEOC complaints against [the County and the Civil Service Board] until 2014." (Id. at 3).

Bouazizi alleges the Civil Service Board "discriminated against [her] because of her race, gender, and age." (Id. at 9). Bouazizi "requested that her position as a Franchise Activity Coordinator in the Hillsborough County Solid Waste Administration Section . . . be reclassified because she was managing contracts as the General Manager I position required." (Id.). But the Civil Service Board allegedly "refused to reclassify [Bouazizi's] position because of her age, race, gender, and retaliation although it reclassified positions of white men and white females that worked as

Franchise Activity Coordinators." (Id. at 10). Bouazizi alleges the Civil Service Board hired a younger, less experienced man with a criminal record for the position of Special Projects Coordinator, even though she was better qualified and "had the highest interviewing score." (Id.). She further alleges the Civil Service Board hired two men to perform the same work as Bouazizi, yet paid those men six grades higher than her and refused to increase her pay. (Id. at 10-11). She insists that the lower pay she received compared to male employees was "not due to a seniority system, a merit system or a system that measures the difference in pay employee[s] earn[] by the quality and quantity of work." (Id. at 12).

Bouazizi "ended employment with Defendant in 2014 and was 62 years old when she resigned." (Id. at 2). Although she resigned in 2014, Bouazizi claims her "permanent psychological and physical injuries from the discrimination by [the County and Civil Service Board] became apparent in 2015." (Id. at 3).

The County moved to dismiss the Section 1983 and Equal Pay Act claims against it on May 15, 2019. (Doc. # 36). After briefing, the Court granted that motion and dismissed the

4

claims against the County as time-barred on May 24, 2019. (Doc. # 43).

Now the Civil Service Board moves to strike the Third Amended Complaint or dismiss the two claims asserted against it. (Doc. ## 40, 41). Bouazizi has responded (Doc. ## 47, 49), and the Motions are ripe for review.

## II. **Legal Standard**

On a motion to dismiss pursuant to Rule 12(b)(6), this Court accepts as true all the allegations in the complaint and construes them in the light most favorable to the plaintiff. Jackson v. Bellsouth Telecomms., 372 F.3d 1250, 1262 (11th Cir. 2004). Further, the Court favors the plaintiff with all reasonable inferences from the allegations in the complaint. Stephens v. Dep't of Health & Human Servs., 901 F.2d 1571, 1573 (11th Cir. 1990). But,

> [w]hile a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. Factual allegations must be enough to raise a right to relief above the speculative level.

Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007)(internal citations omitted). Courts are not "bound to accept as true a legal conclusion couched as a factual allegation." Papasan

v. Allain, 478 U.S. 265, 286 (1986). "The scope of review must be limited to the four corners of the complaint" and attached exhibits. St. George v. Pinellas County, 285 F.3d 1334, 1337 (11th Cir. 2002).

Additionally, motions to dismiss for lack of subject matter jurisdiction pursuant to Rule 12(b)(1) may attack jurisdiction facially or factually. Morrison v. Amway Corp., 323 F.3d 920, 924 n.5 (11th Cir. 2003). Where the jurisdictional attack is based on the face of the pleadings, the Court merely looks to determine whether the plaintiff has sufficiently alleged a basis of subject matter jurisdiction, and the allegations in the plaintiff's complaint are taken as true for purposes of the motion. Lawrence v. Dunbar, 919 F.2d 1525, 1529 (11th Cir. 1990). But, where the jurisdictional attack is factual, the Court may consider "matters outside the pleadings, such as testimony and affidavits" to determine whether jurisdiction in fact exists. Id.

### III. **Analysis**

The Civil Service Board seeks dismissal of the Section 1983 and Equal Pay Act claims against it on various grounds. Specifically, it argues this Court lacks jurisdiction over Bouazizi's claims because "(1) the state court dismissed the Civil Service Board with prejudice and [Bouazizi] failed to

6

appeal or seek reconsideration; (2) the Civil Service Board has never been Bouazizi's employer; and (3) Bouazizi's claims are time-barred." (Doc. # 41 at 5). Even if these arguments should fail, the Civil Service Board insists dismissal is still appropriate because Bouazizi "also fails to state a plausible cause of action against the Civil Service Board." (Id. at 10).

The Court need only address the arguments that the state court already dismissed the Civil Service Board as a party to this action and that the claims against it are time-barred.

**A.   Prior Dismissal**

The County explains that the state court dismissed with prejudice the Florida Civil Rights Act (FCRA) claims Bouazizi asserted against it in her Amended Complaint. (Id. at 8-10; Doc. # 42-1; Doc. # 1-2 at 45-50). Thus, the Civil Service Board reasons, it "is no longer in the case [and] the claims against [it] alleged in Counts III and IV of the Third Amended Complaint should be dismissed with prejudice." (Doc. # 41 at 9-10).

The Court disagrees with the Civil Service Board. The state court dismissed the FCRA claims against the Civil Service Board with prejudice after it concluded that it lacked jurisdiction over *those* claims. (Doc. # 42-1). It never

7

addressed whether Bouazizi could assert the federal claims currently pending. Indeed, the state court's short dismissal order does not state that Bouazizi was not permitted to amend her Amended Complaint to assert new claims against the Civil Service Board.

The Civil Service Board cites no case law for the proposition that dismissal of certain state claims against a defendant precludes a plaintiff from later asserting federal claims against the same defendant in the same case. Thus, the Court finds that it does not lack jurisdiction over the Section 1983 and Equal Pay Act claims.

B. **Statute of Limitations**

The Civil Service Board also argues that this Court lacks jurisdiction because the claims against it are time-barred. (Doc. # 41 at 7-8). However, statute of limitations arguments are analyzed under Rule 12(b)(6), rather than Rule 12(b)(1). "A Rule 12(b)(6) dismissal on statute of limitations grounds is appropriate 'if it is apparent from the face of the complaint that the claim is time-barred.'" Gonsalvez v. Celebrity Cruises Inc., 750 F.3d 1195, 1197 (11th Cir. 2013)(quoting La Grasta v. First Union Sec., Inc., 358 F.3d 840, 845 (11th Cir. 2004)).

And, importantly, the Court already ruled that the Section 1983 and Equal Pay Act claims against the County were time-barred and dismissed those claims with prejudice. (Doc. # 43). The same analysis from the Court's prior order applies here.

Regarding Count III for violation of the Equal Pay Act, the statute of limitations is either two or three years, depending on whether the violation was willful. Glenn v. Gen. Motors Corp., 841 F.2d 1567, 1572 (11th Cir. 1988)(citing 29 U.S.C. § 255(a)). Bouazizi first asserted her Equal Pay Act claim on February 20, 2019. (Doc. # 1-1). Therefore, even if she alleged a willful violation, the violation must have occurred on or after February 20, 2016, to be timely.

The allegations of the Third Amended Complaint, however, all involve conduct either the County or the Civil Service Board committed before Bouazizi left her employment in 2014. (Doc. # 33 8-9). Therefore, Bouazizi's Equal Pay Act claim is time-barred.

In Count IV, Bouazizi asserts a Section 1983 claim for an alleged violation of the Equal Protection Clause. (Id. at 9-11). A Section 1983 claim accrues, and the statute of limitations begins to run, when the plaintiff "know[s] or should know (1) that [she has] suffered the injury that forms

the basis of [her] complaint and (2) who has inflicted the injury." Chappell v. Rich, 340 F.3d 1279, 1283 (11th Cir. 2003). "Florida's four-year statute of limitations applies to such claims of deprivation of rights under" Section 1983. Id.

Again, all the alleged discriminatory treatment Bouazizi complains of occurred during her employment. Indeed, Bouazizi filed various EEOC complaints about the alleged discriminatory treatment between 2003 and 2014, showing that Bouazizi knew — or at least should have known — about the injury that forms the basis of her claims at the time her employment ended. (Doc. # 33 at 3). And her employment ended in 2014 — over four years before she first asserted a Section 1983 claim in her Second Amended Complaint. (Doc. # 1-1). Thus, the Section 1983 claim against the Civil Service Board is also time-barred and dismissed with prejudice.

Bouazizi's argument to the contrary is unavailing. Regarding this issue, Bouazizi's response merely states — without citation to any legal authority — "the [] Civil Service Board's issue regarding timeliness was addressed in the affidavit filed by [Bouazizi]." (Doc. # 49 at 2). Indeed, Bouazizi submitted an affidavit asserting that her failure to timely bring the federal claims was the fault of her previous two attorneys in this case. (Doc. # 48). Thus, Bouazizi

insists in her affidavit that "this case should not be time-barred" because her prior attorneys "failed to represent [her] in her best interest and in a competent manner." (Id. at 1).

The Court is unpersuaded by this legally unsupported argument. Bouazizi's total failure to support this argument with legal authority justifies the argument's rejection. See Herbert v. Architect of Capitol, 839 F. Supp. 2d 284, 298 (D.D.C. 2012)("[T]he [defendant] has simply failed to support its argument with any meaningful measure of factual or legal argument. Courts need not consider cursory arguments of this kind, and the Court declines to do so here."). Furthermore, even considering this cursory argument, Bouazizi's past attorneys' conduct would not justify tolling the statute of limitations for her claims. See Williams v. Ga. Dep't of Def. Nat. Guard Headquarters, 147 F. App'x 134, 136 (11th Cir. 2005)("We have held that attorney error, alone, is insufficient to toll the running of the statute of limitations.").

Therefore, both the Equal Pay Act and Section 1983 claims against the Civil Service Board are dismissed with prejudice as time-barred.

C.  **Motion to Strike**

Because the Court has already determined that the claims against the Civil Service Board are time-barred, the Court need not address the Civil Service Board's Motion to Strike the Third Amended Complaint. (Doc. # 40). The Motion to Strike is denied as moot.

Accordingly, it is now

**ORDERED, ADJUDGED,** and **DECREED:**

(1) Defendant Hillsborough County Civil Service Board's Motion to Dismiss Counts III and IV of the Third Amended Complaint (Doc. # 41) is **GRANTED.** Counts III and IV are **DISMISSED** with prejudice.

(2) The Motion to Strike the Third Amended Complaint (Doc. # 40) is **DENIED** as moot.

(3) As all claims in this case have now been dismissed, the Clerk is directed to **CLOSE** the case.

**DONE** and **ORDERED** in Chambers in Tampa, Florida, this 24th day of June, 2019.

*/s/ Virginia M. Hernandez Covington*
VIRGINIA M. HERNANDEZ COVINGTON
UNITED STATES DISTRICT JUDGE